# Exhibit A

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet

_____Indiana_____ County

| For Prothonotary Use Only: | |
|---|---|
| Docket No: | TIME STAMP |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

**Lead Plaintiff's Name:** James Eddy and Janice Eddy, his wife

**Lead Defendant's Name:** Lowe's Companies, Inc.

**Are money damages requested?** ☒ Yes ☐ No

**Dollar Amount Requested:** (check one)
- ☐ within arbitration limits
- ☒ outside arbitration limits

**Is this a *Class Action Suit*?** ☐ Yes ☒ No

**Is this an *MDJ Appeal*?** ☐ Yes ☒ No

**Name of Plaintiff/Appellant's Attorney:** _____

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

## SECTION B

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE**. If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☒ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other _____
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other _____
- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other _____
- ☐ Zoning Board
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____

*Updated 1/1/2011*

IN THE COURT OF COMMON PLEAS OF INDIANA COUNTY, PENNSYLVANIA

JAMES EDDY and JANICE EDDY, his wife,

    Plaintiff,

v.

LOWE'S COMPANIES, INC.

    Defendant

CIVIL DIVISION

GD NO:
10167 CD 2024

TYPE OF PLEADING
COMPLAINT

FILED ON BEHALF OF:
Plaintiffs

COUNSEL OF RECORD:
Carl R. Schiffman, Esquire

SCHIFFMAN FIRM, LLC
1300 Fifth Avenue
Pittsburgh, PA 15219
412-288-9444

carl@schiffmanfirm.com

JURY TRIAL DEMANDED

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

*/s/ Carl R. Schiffman*
Carl R. Schiffman, Esquire

1

## IN THE COURT OF COMMON PLEAS OF INDIANA COUNTY, PENNSYLVANIA

| | |
|---|---|
| JAMES EDDY and JANICE EDDY, his wife | CIVIL DIVISION |
| | GD NO: |
| Plaintiffs, | |
| v. | JURY TRIAL DEMANDED |
| LOWE'S COMPANIES, INC. | |
| Defendant | |

### NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR PHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

> Court Administrator
> 2nd Floor Courthouse
> Indiana, PA  15701
> 724/465-3955

## IN THE COURT OF COMMON PLEAS OF INDIANA COUNTY, PENNSYLVANIA

| | |
|---|---|
| JAMES EDDY and JANICE EDDY, his wife | CIVIL DIVISION |
| Plaintiffs, | |
| v. | JURY TRIAL DEMANDED |
| LOWE'S COMPANIES, INC. | |
| Defendant. | |

### CIVIL ACTION COMPLAINT

**AND NOW,** come Plaintiffs James Eddy and Janice, Eddy, his wife, by and through their counsel Schiffman Firm, LLC and Carl R. Schiffman, Esquire and file the within Complaint and in support thereof aver the following:

### THE PARTIES

1. Plaintiff James Eddy is an adult individual and citizen of the Commonwealth of Pennsylvania, and County of Indiana, who resides at 184 Pioneer Lake Drive, Indiana, Pennsylvania 15724.

2. Plaintiff Janice Eddy is an adult individual and citizen of the Commonwealth of Pennsylvania, and County of Indiana, who is the wife of Plaintiff James Eddy and resides with him as such at 184 Pioneer Lake Drive, Indiana, Pennsylvania 15724.

3. Defendant Lowe's Companies, Inc. is a corporation with its principal place of business located at 1000 Lowes Boulevard, Mooresville, North Carolina 28117 which at all relevant times, traded and did business in the Commonwealth of Pennsylvania

4. At all times material hereto, Lowe's was engaged in the business of marketing,

1

distributing, supplying, and/or selling Kobalt 3- Step Aluminum Ladders including the Kobalt 3- Step Aluminum Ladder that is the subject of this lawsuit.

5. At all times material hereto, Defendant acted individually and/or jointly and by and through its agents, servants, and employees, including actual and/or apparent agents.

6. Venue properly lies in Indiana County, Pennsylvania pursuant to, *inter alia*, Pa.R.Civ.P. 2179 in that a transaction or occurrence took place out of which the cause of action arose in Indiana County, the cause of action arose in Indiana County, and the Defendant regularly conducts continuous and substantial business in Indiana County.

## OPERATIVE FACTS

7. On or about May 10, 2022, a Kobalt 3- Step Aluminum Ladder (hereinafter referred to as "ladder") was purchased from a Lowe's store in Indiana, Pennsylvania.

8. On or about May 19, 2022, the ladder was in substantially the same condition in which was manufactured.

9. During the entire time the ladder was owned, it had not been used until May 19, 2022 and had no modifications or changes

10. On or about May 19, 2022, Plaintiff James Eddy was at his residence, utilizing the ladder for the first time, as he washed his vehicle.

11. Suddenly and without warning, the leg of the ladder collapsed causing the Plaintiff to fall and sustain severe injuries as more specifically set forth below.

12. Defendant knew or should have known that the ladder could fail and that the ladder therefore posed a substantial risk of serious bodily injury to users such as the Plaintiff.

13. Defendant knew or should have known that the ladder had to be designed and

2

manufactured in a way that ladder would not fail and thereby pose a substantial risk of serious bodily injury to users such as the Plaintiff.

14. Plaintiff James Eddy was life flighted to Forbes Hospital.

15. As a direct and proximate result of the conduct of the Defendant, as set forth herein, jointly and severally, the Plaintiff James Eddy sustained the following injuries and damages:

    a. Fracture of multiple ribs of left side;

    b. Traumatic hemopneumothorax;

    c. Injury of left vertebral artery;

    d. Other serious injuries;

    e. Necessity of surgery;

    f. Pain and suffering;

    g. Emotional distress;

    h. Medical expenses;

    i. Loss of life's pleasures;

    j. Disfigurement; and

    k. Other damages.

16. Plaintiff's injuries were caused solely and wholly by reason of the Defendant's conduct and were not caused or contributed to by any negligence on the part of Plaintiff James Eddy.

## COUNT I
## JAMES EDDY vs. LOWE'S COMPANIES, INC.
## STRICT LIABILITY

17. The allegations set forth above are incorporated herein by reference as if set forth

in full.

18. At all times relevant hereto, Defendant was engaged in the business of the design, manufacture, fabrication, assembly, inspection, marketing, distribution, supply, and/or sale of ladders including the ladder that is the subject of this lawsuit.

19. The ladder was defective and in an unreasonably dangerous condition at the time it was designed, manufactured, and/or sold by Defendant and at the time of the incident described above, in that the ladder's material design resulting in the leg collapsing. Specifically, the design and/or manufacture of the ladder was defective and unreasonably dangerous in aspects that include the following:

    a. the material utilized in the ladder was of inadequate quality; and

    b. the ladder and its component parts were improperly designed.

20. The ladder was defective at the time it was designed, manufactured, and/or sold by Defendant, and at the time of the incident, as set forth above, in that it was equipped with components that malfunctioned resulting in a failure that occurred under foreseeable conditions, rendering the ladder unsafe to the ultimate user or consumer for the purpose for which it was intended.

21. The ladder was also defective because Defendant failed to warn of the defective and unreasonably dangerous conditions.

22. The ladder was expected to, and did, reach Plaintiff James Eddy without substantial relevant change in the condition in which it was sold by Defendant.

23. Plaintiffs' injuries and damages were caused by the defective ladder and, in particular, the unreasonably dangerous conditions set forth above.

24. Reasonably feasible and safer alternative designs for the ladder existed that would

4

not have failed during ordinary, intended, and reasonably foreseeable use of the ladder and that would have protected a ladder user from injuries caused by the defective and unreasonably dangerous conditions set forth above.

25. At the time the ladder left Defendant's possession and control, it was in a defective condition to Plaintiff and others.

26. At the time the ladder left Defendant's possession and control, it was defective because it did not meet the reasonable expectations of an ordinary consumer.

27. At the time the ladder left Defendant's possession and control, it was defective because the risk posed by its design and manufacture exceeded the utility, if any, of its design.

28. The leg of a ladder would not collapse unless it was defectively designed and/or manufactured.

29. By reason of its design, manufacture, and distribution of the ladder in a defective condition, Defendant is strictly liable to Plaintiff.

WHEREFORE, Plaintiff James Eddy demands judgment against Defendant Lowe's Companies, Inc. in an amount in excess of the local arbitration limits exclusive of interest and costs.

## COUNT II
### JAMES EDDY vs. LOWE'S COMPANIES, INC.
### BREACH OF WARRANTIES

30. The allegations set forth above are incorporated herein by reference as if set forth in full.

31. At the time of the subject incident, the ladder, including its component parts were being used for the particular and the ordinary purpose for which they were intended to be used.

32. Defendant was aware of the use to which the ladder would be put and expressly

5

and impliedly warranted that it was of merchantable quality and fit for the ordinary and the particular purposes for which it was intended to be used.

33. The injuries and damages sustained by Plaintiff James Eddy were caused or enhanced by the breach of one or more of the expressed and implied warranties made by Defendant with regard to the ladder.

WHEREFORE, Plaintiff James Eddy demands judgment against Defendant Lowe's Companies, Inc. in an amount in excess of the local arbitration limits exclusive of interest and costs.

## COUNT III
### JAMES EDDY vs. LOWE'S COMPANIES, INC.
### NEGLIGENCE

34. The allegations set forth above are incorporated herein by reference as if set forth in full.

35. Defendant. owed a duty to design, manufacture, fabricate, assemble, inspect, market, distribute, sell and/or supply the ladder in such a way as to avoid harm to persons using them.

36. Defendant were negligent in the design, development, manufacture, and distribution of the ladders, including the ladder which is the subject of this action in that they:

    a.    failed to ensure reasonable and proper care was used in the design, development, manufacture, fabrication, and assembly of the ladder so as to avoid the risk of serious bodily injury from reasonably foreseeable use;

    b.    failed to properly supervise their personnel, or the personnel or entities which manufactured and/or designed ladder for sale, in the manufacture and assembly of the ladder so that it would not cause serious bodily injuries;

    c.    failed to use reasonable and proper care and/or failed to ensure that reasonable and proper care was used in the design, development and

      manufacture of the ladder in relation to the conditions described above;

    d.    failed to perform adequate testing, inspection, and/or to make necessary design modifications and/or failed to ensure that adequate testing inspection, and/or to necessary design modifications were made, so as to ensure the safety of the ladder and its users;

    e.    failed to provide, establish, or follow proper or adequate quality control methods so as to provide a safe product that would not cause injuries;

    f.    failed to use reasonable and proper care in designing and/or in having the ladders designed for sale such that the ladder or its components would not fail as described above;

    g.    failed to use reasonable and proper care in providing warnings regarding the risks attendant to the use of the ladder; and

    h.    failed to use reasonable and proper care in assuring that the design and manufacture of ladders that they sold were safe for intended use.

37. As a direct and proximate result of Defendant' negligence, Plaintiff has sustained the significant injuries and damages as described herein.

WHEREFORE, Plaintiff James Eddy demands judgment against Defendant Lowe's Companies, Inc. in an amount in excess of the local arbitration limits exclusive of interest and costs.

## COUNT IV
## JANICE EDDY vs. LOWE'S COMPANIES, INC.
## STRICT LIABILITY, BREACH OF WARRANTIES, and NEGLIGENCE

38. The allegations set forth above are incorporated herein by reference as if set forth in full.

39. As a direct and proximate result of the design, manufacture, and distribution of the ladder in a defective condition, and/or Defendant's negligence, and/or Defendant's breaches of warranties, Plaintiff Janice Eddy has sustained a loss of society, services, and consortium of her husband, Plaintiff James Eddy.

7

WHEREFORE, Plaintiff Janice Eddy demands judgment against Defendant Lowe's Companies, Inc. in an amount in excess of the local arbitration limits exclusive of interest and costs.

RESPECTFULLY SUBMITTED:

SCHIFFMAN FIRM, LLC

By: _____
Carl R. Schiffman, Esq.
Attorney for Plaintiffs

## **VERIFICATION**

The undersigned, James Eddy and Janice Eddy, his wife, named herein, and being authorized to make this Verification for and on their behalf, having read the foregoing **COMPLAINT** verify that the averments are based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit. The language is that of counsel and not of signers. Signers verify that they have read the foregoing, and that it is true and correct to the best of signers' knowledge, information and belief. To the extent that the contents of the foregoing document are that of counsel, verifiers have relied upon counsel in making this verification. This verification is made subject to the penalties of 18 PA C.S.A. § 4904, relating to unsworn falsification to authorities.

Date 1/12/2024

_James Eddy_
James Eddy

Date: 1/12/2024

_Janice K. Eddy_
Janice Eddy

9

# Exhibit B

**IN THE COURT OF COMMON PLEAS OF INDIANA COUNTY, PENNSYLVANIA**

| | |
|---|---|
| JAMES EDDY and JANICE EDDY, his wife, | CIVIL DIVISION |
| Plaintiff, | GD NO:   10167 CD 2024 |
| v. | |
| LOWE'S COMPANIES, INC. | TYPE OF PLEADING<br>AFFIDAVIT OF SERVICE |
| Defendant | |

FILED ON BEHALF OF:
Plaintiffs

COUNSEL OF RECORD:
Carl R. Schiffman, Esquire

SCHIFFMAN FIRM, LLC
1300 Fifth Avenue
Pittsburgh, PA 15219
412/288-9444

carl@schiffmanfirm.com

JURY TRIAL DEMANDED

2024 FEB 28 AM 11: 24
INDIANA COUNTY
PROTHONOTARY AND
CLERK OF COURTS

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

*/s/ Carl R. Schiff*
Carl R. Schiffman, Esquire

1